UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRELL LATTIMORE (#327289),

                                 CASE NO. 2:10-CV-14171
        Plaintiff,          JUDGE GERALD E. ROSEN
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

v.

WAYNE COUNTY JAIL
ADMINISTRATOR, et al.,

        Defendants,
                                      /

**ORDER GRANTING PLAINTIFF'S NOVEMBER 29, 2011 MOTION (Doc. Ent. 32) TO ACCEPT MEDICAL RECORDS IN SUPPORT OF OPPOSING AFFIDAVIT (Doc. Ent. 28 at 9-21) TO DEFENDANTS' OCTOBER 13, 2011 MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 23)**

**A.    Background**

Contrell Lattimore (#327289) is currently incarcerated at St. Louis Correctional Facility (SLF). On October 19, 2010, while incarcerated at SLF, Lattimore filed this pro se prisoner civil rights complaint. Doc. Ent. 1 at 1-10. The facts underlying plaintiff's complaint stem from his November 9, 2009 arrest and his subsequent treatment for a broken finger. Doc. Ent. 1 at 3, 5-7.[1] There are eight (8) named defendants: WCJ Medical Administrator; Nurses Moore, Major, Coleman and Jones; Detroit Police Department (DPD) Sgt. Geraldine Young; and DPD Officers

---

[1] Lattimore was sentenced on April 16, 2010 for the November 9, 2009 offenses of unlawful imprisonment (Mich. Comp. Laws § 750.349b) and assault with intent to commit murder (Mich. Comp. Laws § 750.83). *See* www.michigan.gov/corrections, "Offender Search;" Case No. 09-29212-01 (Wayne County). On April 20, 2010, he was transferred from the Wayne County Jail (WCJ) to a Jackson, Michigan prison. Doc. Ent. 1 at 3, 7; Doc. Ent. 28 at 41 (WCJ System History of Inmate Report).

Jackson and Rodak. Plaintiff also names as defendants John and Jane Does. Doc. Ent. 1 at 8-10, Doc. Ent. 6.

On February 18, 2011, Judge Rosen referred this case to me to conduct all pretrial proceedings. Doc. Ent. 13. Since then, I have entered an order (Doc. Ent. 16) granting defendants Rodak and Young's motion for leave to take deposition (Doc. Ent. 12); an order (Doc. Ent. 18) setting the discovery cutoff for September 13, 2011 and the dispositive motion cutoff for October 13, 2011; an order (Doc. Ent. 21) denying without prejudice plaintiff's August 19, 2011 motion

to appoint counsel (Doc. Ent. 19);[2] and an order (Doc. Ent. 30) denying as moot plaintiff's motion for extension of time (Doc. Ent. 26).

**B.     Pending Dispositive Motions**

**1.**     On September 30, 2011, defendants Rodak, Jackson and Young ("the City of Detroit defendants") filed a motion for summary judgment. Doc. Ent. 20. Specifically, they address plaintiff's medical treatment claim. Doc. Ent. 20 at 9-12; Doc. Ent. 20-2 (Transcript of plaintiff's June 23, 2011 deposition).[3]

On November 2, 2011, plaintiff filed a response. Doc. Ent. 27 at 1-7. *See also* Doc. Ent. 28 at 22-27 (Opposing Affidavit); Doc. Ent. 28 at 42-48 (Interrogatories to Rodak, Jackson and Young); Doc. Ent. 28-1 at 3-7 (Supporting Affidavit).

---

[2]On November 21, 2011, Judge Rosen entered an order (Doc. Ent. 31) overruling plaintiff's objection (Doc. Ent. 25) and affirming my order (Doc. Ent. 21).

[3]On October 7, 2011, I entered an order which, in part, set the deadline for plaintiff's response for November 15, 2011. Doc. Ent. 21. My October 12, 2011 order set plaintiff's response deadline for November 2, 2011. Doc. Ent. 22.

**2.** On October 13, 2011, defendants Coleman, Jones, Moore, Major and the Wayne County Jail Administrator ("the Wayne County defendants") filed a motion for summary judgment. Doc. Ent. 23. Specifically, they argue (I) "Plaintiff fails to show personal involvement of defendant Wayne County Jail Medical Administrator, as a supervisor for the Wayne County Medical Staff, in order to create a genuine issue of material fact as required for a civil rights claim to survive summary judgment[;]" (II) "There is no genuine issue of material fact as to plaintiff's Eighth and Fourteenth Amendment claims because there is no evidence that the deprivation was 'sufficiently serious' not that the officials acted with deliberate indifference[;]" and (III) "Qualified immunity bars all plaintiff's claims against defendant[s] Coleman, Jones, Moore, Major, and the Jail Medical Administrator[.]" Doc. Ent. 23 at 12-16; *see also* Doc. Ent. 23-2 (plaintiff's June 23, 2011 deposition transcript), Doc. Ent. 23-3 (certified jail medical records); Doc. Ent. 23-1 (Index of Exhibits).[4]

On November 2, 2011, plaintiff filed a response. Doc. Ent. 28 at 1-8, Doc. Ent. 28 at 9-21 (Opposing Affidavit); Doc. Ent. 28 at 28-32 (Excerpt of March 30, 2010 Jury Trial Transcript [Exhibit A]); Doc. Ent. 28 at 33-36 (Excerpt of March 9, 2011 Post Conviction [Exhibit B]); Doc. Ent. 28 at 37-40 (Excerpt of March 31, 2010 Jury Trial Transcript [Exhibit C]); Doc. Ent. 28 at 41 (Excerpt from Lattimore's WCJ System History of Inmate Report [Exhibit D]); Doc. Ent. 28 at 49-50 & Doc. Ent. 28-1 at 1-2 (Interrogatories to the WCJ Medical Administrator).[5]

**C. Discussion**

---

[4]On October 14, 2011, I entered an order requiring plaintiff to file a response on or before November 2, 2011. Doc. Ent. 24.

[5]*See also* Doc. Ent. 29 (Certificate of Mailing).

Currently before the Court is plaintiff's November 29, 2011 motion (Doc. Ent. 32) to accept medical records in support of his October 28, 2011 opposing affidavit (Doc. Ent. 28 at 9-21) to defendants' October 13, 2011 motion for summary judgment (Doc. Ent. 23). Attached to plaintiff's motion (Doc. Ent. 32 at 1-3) are MDOC Medical Records (Doc. Ent. 32 at 4-24).

Plaintiff explains that his November 2, 2011 response (Doc. Ent. 28 at 1-8) was not accompanied by his medical records; however, he has now received "copies of his medical records to prove key parts of his claim[.]" Doc. Ent. 32 at 2 ¶¶ 3, 4. Plaintiff contends that the medical records will support portions of his opposing affidavit (Doc. Ent. 28 at 9-21, ¶¶ 7-12 & 13), as well as his supporting affidavit (Doc. Ent. 28-1 at 3-7). Doc. Ent. 32 at 2 ¶¶ 5, 6.

**D.     Order**

Accordingly, plaintiff's November 29, 2011 motion (Doc. Ent. 32) to accept medical records in support of his response to defendants' October 13, 2011 dispositive motion is GRANTED. The Court will consider plaintiff's medical records in its disposition of defendants' October 13, 2011 dispositive motion (Doc. Ent. 20).[6]

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
| Dated: March 23, 2012 | s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

---

[6]Each of defendants' dispositive motions (Doc. Entries 20 and 23) will be addressed under separate cover.

I hereby certify that a copy of the foregoing document was sent to parties of record by electronic and/or U.S. mail on March 25, 2012.

s/Michael Williams  
Relief Case Manager for the Honorable Paul J. Komives